IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN ANN COATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-0265 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security ) | |
| ) | |
| Defendant. ) | |

AMBROSE, U.S. Senior District Judge

# OPINION AND ORDER

I. Synopsis

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application on August 5, 2010 alleging she was disabled beginning March 31, 2003. ECF No. 7-2, 11. After Plaintiff's application was denied initially, she filed a written request to have her application reviewed by an Administrative Law Judge ("ALJ"). *Id.* On August 1, 2012, Plaintiff testified at a hearing before an ALJ. *Id.* On August 8, 2012, the ALJ found that Plaintiff was not disabled under the Act. *Id.* at 18. After exhausting all administrative remedies, Plaintiff filed this action.

Pending before the Court are cross-motions for summary judgment. ECF Nos. [8] (Plaintiff) and [13] (Defendant). Both parties filed briefs in support of their motions. ECF Nos. [9] (Plaintiff) and [14] Defendant. The issues are now ripe for review. After careful

1

consideration of the submissions of the parties, and based on my Opinion as set forth below, I grant Plaintiff's motion, deny Defendant's motion for summary judgment, and remand this case to the Commissioner.

II. Legal Analysis

A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "[m]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. § 706.

To be eligible for supplemental security income ("SSI"), a plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 416.920. A Claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (Steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (Step 5).

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

B. Whether the ALJ Erred in Evaluating the Medical Evidence

Plaintiff argues that the ALJ misrepresented Plaintiff's GAF rating as a 60, ignored other lower GAF scores, and failed to articulate the weight assigned to the medical opinions such that the ALJ's RFC fails to adequately account for all of Plaintiff's mental limitations. ECF No. 9, 7. I agree.

An ALJ is required to evaluate all relevant evidence in the record, including all of the medical opinions received. *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); 10 C.F.R. §

416.927(b). In so doing, an ALJ is required to give reasons for any evidence discounted or rejected such that the reviewing court can determine whether significant probative evidence was not credited or simply ignored. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)). When evaluating medical opinions, an ALJ should consider whether there is a reasonable support for the opinion and whether the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. § 416.927(c); SSR 96-2p. As a rule, ALJs are required to give treating physicians' opinions "great weight" where the opinions are supported by the medical evidence of record because " 'their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.' " *Plummer*, 186 F.3d at 429 (3d Cir. 1999) (citing *Newhouse v. Heckler*, 733 F.2d 283, 286 (3d Cir. 1985)). If a medical opinion is well-supported but not consistent with the other substantial evidence in the record, it may not be given "controlling weight." SSR 96-2p.

Specifically, Plaintiff claims the ALJ erred in his assessment of the "Social Security Administration (SSA) Examiners" Lawrence B. Haddad, Ph.D. and Monica Yeater, Psy. D, doctors who conducted consultative examinations of Plaintiff. Pl.'s Br. 7-15. Plaintiff argues the ALJ's statement that these medical assessments are "partially consistent with the medical record and have been given appropriate weight" is too vague and legally insufficient because the ALJ failed to explain which parts of the doctor's assessment he rejected and why. Pl.'s Br. 10-11; *see* ECF No. 7-2, 16. Although the ALJ stated that he incorporated Drs. Haddad and Yeater's limitations into his RFC, ECF No. 7-2, 16, I cannot conclude that the ALJ's RFC explicitly includes these limitations because the ALJ failed to precisely state which portions of

4

the assessments contained in Exhibits 6F, 11F, 13F, 14F, and 15F he found partially consistent with the medical record and relied on and what he rejected. For example, I cannot assess why the ALJ's RFC does not account for Dr. Haddad's finding that Plaintiff is markedly limited in her ability to "respond appropriately to work pressures in [the] usual work setting" and "unable to perform [at] any consistent pace due to pain problems." *See* Pl.'s Br. 11; ECF No. 7-8, 30. This is not harmless error.

Further, the ALJ's failure to discuss Plaintiff's "global assessment of functioning" or GAF scores constitutes error. Where an ALJ fails to conduct a thorough analysis of the medical evidence regarding a claimant's mental impairments and fails to acknowledge the existence of low GAF scores and explain why they were inconsistent with the evidence of record, the ALJ's opinion is not supported by substantial evidence. *See Rivera v. Astrue*, Civ. No. 12-6622, 2014 WL 1281136, at *7-9 (E.D. Pa. Mar. 27, 2014) (reviewing Third Circuit precedent when considering whether an ALJ's failure to discuss GAF scores requires remand).

Although GAF scores alone cannot establish disability, GAF scores constitute acceptable and reliable medical evidence. Pl.'s Br. 20; *Coy v. Astrue*, Civ. No. 08-1372, 2009 WL 2043491, at *13-14 (W.D. Pa. July 8, 2009); *Rivera*, 2014 WL 1281136, at *7 (citing *Colon v. Barnhart*, 424 F. Supp. 2d 805, 812 (E.D. Pa. 2006)). Here, the ALJ noted only Plaintiff's highest GAF score despite the fact that the treatment records consistently show that Plaintiff generally was assessed GAF scores between 45 and 50. *See* Pl.'s Br. 20, n.57 (citing fifteen instances in Plaintiff's treatment records where she was assessed a GAF score between 45 and 52). "The district courts in the Third Circuit have repeatedly held that the ALJ's failure to specifically discuss a GAF score that supports serious impairments in social or occupational functioning is cause for remand." *Rivera* (citations omitted). "Moreover, the ALJ may not "cherry-pick"

5

higher GAF scores in his analysis and ignore GAF scores that may support a disability." *Id.* (citing *Colon*, 424 F. Supp. 2d at 813-14; *Dougherty v. Barnhart*, Civ. No. 05-5383, 2006 WL 2433792, at *10 n.4. Because GAF scores of 50 or below "indicate serious symptoms," where an "ALJ [has] failed to disclose any reasons for not considering the [] GAF scores of 50 or below . . . the Court is unable to conclude that the ALJ's disability determination is supported by substantial evidence." *West*, 2010 WL 1659712, at *6. The same is true here. The ALJ failed to acknowledge Plaintiff's lower GAF scores and to explain why they were inconsistent with the evidence of record. As Plaintiff argues, the ALJ's decision to discuss only Plaintiff's highest GAF score misrepresents the evidence and demonstrates that the ALJ has not conducted a longitudinal review of Plaintiff's relevant mental health evidence. *See* Pl.'s Br. 20.

Accordingly, I remand the case, pursuant to the fourth sentence of 42 U.S.C. § 405(g), and instruct the ALJ to articulate what medical evidence of record supports his determination, what evidence he rejected, and his reasons for accepting some evidence while rejecting other evidence. The ALJ is further instructed to address Plaintiff's GAF scores in explaining his RFC determination.

C. Whether the ALJ Properly Relied on the Vocational Expert's ("VE") Testimony Regarding Job Information Found in the Dictionary of Occupational Titles ("DOT")

Because the ALJ's RFC determination, and in turn the hypothetical questions posed to the VE, may change upon remand, I do not address whether the VE's testimony is supported by substantial evidence. However, I will address Plaintiff's argument that the ALJ's reliance on the VE's testimony was improper because the VE relied on job information as found in the DOT and its companion publication, the Selected Characteristics of Occupations ("SCO"), which the Plaintiff submits is unreliable and outdated. Pl.'s Br. 24-29.

"[T]he DOT remains an appropriate source of occupational data. Under 20 C.F.R. § 404.1566(d)(1), the Social Security Administration may take administrative notice of job information from the DOT." *Devault v. Astrue*, Civ. No. 2:13-cv-0155, 2014 WL 3565972, at *6 (W.D. Pa. July 18, 2014). "Social Security Ruling 00-4P sets forth that the relevant inquiry is whether VE testimony is consistent with the DOT." *Id.* ALJs are directed to identify and explain conflicts between the VE's testimony and the DOT. S.S.R. 00-4P. "Thus, even if the VE's testimony was in conflict with O*NET, [as alleged by the Plaintiff here] there is no requirement that the VE's testimony comply with that database." *Malfer v. Colvin*, Civ. No. 12-169J, 2013 WL 5375775, at *5 (W.D. Pa. Sept. 24, 2013). Accordingly, I find that the ALJ properly relied on the VE's testimony to the extent that it was in accord with the DOT and the SCO. *See* ECF No. 7-2, 52 (during the ALJ hearing, in response to questioning by Plaintiff's counsel, the VE confirmed that his opinions were consistent with the DOT and the SCO).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| COLLEEN ANN COATES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Civil Action No. 14-0265 |
| CAROLYN W. COLVIN,<br>Commissioner of<br>Social Security | ) |  |
| Defendant. | ) |  |

AMBROSE, U.S. Senior District Judge

## **ORDER**

AND NOW, this 24th day of September, 2014, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is Ordered that Plaintiff's Motion for Summary Judgment (ECF No. [8]) is GRANTED and Defendant's Motion for Summary Judgment (ECF No. [13]) is DENIED and the matter is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Court Judge